# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

|  |  |
|---|---|
| WELLS FARGO BANK, N.A., ) ) ) ) Plaintiff, ) ) v. ) ) KWANE B. SMITH, WILLIAM M. ) KISTLER, and CONSTANCE E. ) KISTLER, ) ) Defendants. ) ) | Civil Action No. _____ |

## COMPLAINT FOR INTERPLEADER

Plaintiff, Wells Fargo Bank, N.A. ("Wells Fargo"), by and through its attorneys, Fox Rothschild LLP, and pursuant to 28 U.S.C. §§ 1335 and 2361, by way of Complaint for Interpleader against Defendants, Kwane B. Smith ("Smith"), William M. Kistler ("Mr. Kistler"), and Constance E. Kistler ("Mrs. Kistler") (Mr. Kistler and Mrs. Kistler shall together be referred to herein as the "Kistlers") (Smith and the Kistlers shall collectively be referred to herein as the "Claimant Defendants"), hereby alleges as follows:

## NATURE OF ACTION

1. This interpleader action arises out of a dispute between the Claimant Defendants concerning an October 26, 2020 wire transfer in the amount of $38,880.00 from the Kistlers' Platinum Savings Account at Wells Fargo to Smith's Everyday Checking Account at Wells Fargo.

2. The Claimant Defendants, in connection with the October 26, 2020 wire, are alleging entitlement to and/or are refusing to release the wire proceeds presently being held and restrained in Smith's account at Wells Fargo.

3. Wells Fargo, as a disinterested stakeholder, seeks to interplead the disputed, restrained funds into the Court Registry to allow the Claimant Defendants to litigate their respective claims to the restrained funds amongst themselves.

## PARTIES

4. Wells Fargo is a national banking association with its main office, as set forth in its Articles of Association, in Sioux Falls, South Dakota. Accordingly, Wells Fargo is a citizen of South Dakota.

5. Smith is a resident and citizen of Colbert, Georgia. Additionally, the restrained Wells Fargo bank account belonging to Smith that received the wire transfer at issue, was opened in Athens, Georgia, and maintained in and around Athens, Georgia.

6. The Kistlers are residents and citizens of Kenilworth, New Jersey.

## JURISDICTION AND VENUE

7. This is an action for interpleader of a sum that exceeds $500.00

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1335 and 2361, in that there is diversity of citizenship between at least two of the Claimant Defendants, and the amount in controversy in this action exceeds $500.00, exclusive of interest and costs.

9. This Court has jurisdiction over the Claimant Defendants because the funds at issue were wired to and remain restricted in Smith's account at Wells Fargo that was opened and maintained at all materials times in Athens, Georgia. Furthermore, 28 U.S.C. § 2361 grants district courts authority to issue nationwide service of process in statutory interpleader actions.

10. Venue is appropriate in this Court pursuant to the provisions of 28 U.S.C. § 1391, since a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTS COMMON TO ALL CLAIMS

11. At all times material hereto, the Kistlers maintained a Wells Fargo Platinum Savings Account (Account No. XXXXXX3413; the "Kistler Account").

12.   At all times material hereto, Smith maintained a Wells Fargo Everyday Checking Account (Account No. XXXXXX8931; the "Smith Account").

13.   On October 26, 2020, the Smith Account received a wire transfer from the Kistler Account in the amount of $38,880.00 (the "Wire").

14.   On October 27, 2020, Wells Fargo received a recall request for the Wire from Mrs. Kistler based on alleged fraud.

15.   Accordingly, Wells Fargo restrained the remaining Wire proceeds of **$33,247.02** (the "Restrained Proceeds")[1] in the Smith Account, which remain restrained at this time.

16.   Despite repeated requests, Smith has refused to allow Wells Fargo to debit the Smith Account and return the Restrained Proceeds to the Kistlers in accordance with the parties' deposit account agreement.

17.   Accordingly, there is now a dispute as to which of the Claimant Defendants are entitled to the Restrained Proceeds.

18.   Wells Fargo now seeks to interplead the Restrained Proceeds into the Court Registry to allow the Claimant Defendants to make their respective legal claims to the Restrained Proceeds.

---

[1] This amount may change due to account charges, interest payments and/or tax withholding by the bank, as applicable.

19. The relationships between (a) Wells Fargo and the Kistlers relative to the Kistler Account; and (b) Wells Fargo and Smith relative to the Smith Account are currently governed by the Wells Fargo Deposit Account Agreement effective November 9, 2020, (the "Account Agreement"), a true and correct copy of which is attached hereto as **Exhibit A.**

20. Wells Fargo has retained the undersigned attorneys to represent it in this action and has agreed to pay them a reasonable fee.

21. Wells Fargo is entitled to recover its reasonable attorneys' fees and costs in this action pursuant to the Account Agreement and applicable law.

22. All conditions precedent to recovery have been performed, waived or have occurred.

## COUNT I
## (INTERPLEADER)

23. Wells Fargo repeats, realleges and incorporates all of the allegations made in paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24. At this time there exist rival, adverse and conflicting claims between the Claimant Defendants as to the Restrained Proceeds.

25. Wells Fargo claims no interest in the Restrained Proceeds and has done nothing to create the dispute over entitlement to the Restrained Proceeds.

Active\120856161.v1-3/29/21

26. By reason of the conflicting claims to the Restrained Proceeds, Wells Fargo is in doubt as to who is entitled to the Restrained Proceeds, is in danger of being exposed to double or multiple liability, and cannot safely remit the Restrained Proceeds without the aid of this Court.

27. Wells Fargo is ready, willing, and able to deposit the Restrained Proceeds into the Court Registry, or to any other custodian or trustee the Court deems proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Wells Fargo Bank, N.A. respectfully requests the following relief:

A. That this Court take jurisdiction over the parties, and permit Wells Fargo to deposit the Restrained Proceeds with the Registry of the Court;

B. That this Court issue an order requiring the Claimant Defendants to the above-styled cause to interplead as to their rights and settle or litigate amongst themselves their claims and rights to the Restrained Proceeds;

C. That Wells Fargo be discharged from all liability to any of the parties to this action concerning Wells Fargo's obligations related to the Restrained Proceeds, the Wire, the Kistler Account, and the Smith Account;

D. That the Claimant Defendants be enjoined and prohibited from instituting any actions against Wells Fargo and/or its agents, affiliates, employees, and servants, regarding the Restrained Proceeds, the Wire, the Kistler Account, and the Smith Account;

E. That Wells Fargo, pursuant to the Account Agreement and applicable law, be awarded its costs and reasonable attorneys' fees, to be paid from the Restrained Proceeds, for bringing this action;

F. That Wells Fargo be dismissed as a party to this action; and

G. For such other and further relief as this Court deems just, equitable, and proper.

*s/ Elizabeth G. Brunette*
Elizabeth G. Brunette
Georgia Bar No. 560454

*Attorneys for Plaintiff,
Wells Fargo Bank, N.A.*

FOX ROTHSCHILD LLP
999 Peachtree Street N.E.
Suite 1500
Atlanta, Georgia 30309
(404) 962-1000 – Telephone
(404) 962-1200 – Facsimile
*ebrunette@foxrothschild.com*

Dated: Atlanta, Georgia
       March 30, 2021